Submitted on appellant's motion to dismiss appeals April 10,
appeals dismissed May 21, reconsideration denied July 2,
petition for review allowed July 17,
petition for review dismissed September 23, 1980

## STATE OF OREGON,
### *Respondent,*
### *v.*
## EDWARD DELEN WARREN,
### *Appellant.*

(Nos. CR 79-10-87 & CR 79-10-88, CA 17088 & 17089)

611 P2d 342

Edward Delen Warren, Salem, filed the motions pro se for appellant. Gary D. Babcock, Public Defender, Salem, filed a brief for appellant re jurisdiction of Court of Appeals.

Thomas H. Denney, Assistant Attorney General, Salem, filed memoranda for respondent re jurisdiction of Court of Appeals and contra motion to dismiss. With him on the memoranda were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was sentenced to death following his plea of guilty to two charges of murder. The Public Defender, purporting to act on defendant's behalf, filed notices of appeal from defendant's convictions in this court. Defendant, appearing pro se, has filed numerous documents which we treat collectively as a motion to dismiss, which we grant, albeit not on a ground he specifically urges.

ORS 2.516 provides:

> "Except where original jurisdiction is conferred on the Supreme Court by the Constitution of Oregon or by statute, the Court of Appeals shall have exclusive jurisdiction of all appeals."

We conclude that appellate jurisdiction in capital cases is conferred expressly and exclusively on the Supreme Court by a specific statute, which was enacted subsequent to the enactment of ORS 2.516 and which, under ORS 174.020,[1] would prevail over the general provisions of ORS 2.516 in any event.

In the general election of 1978, the people of Oregon adopted Ballot Measure 8 (Or Laws 1979, ch 2), an initiative measure restoring the death penalty in murder cases.[2] Part of that measure, now codified as ORS 163.116(5), provides that when a death sentence is imposed:

> "The judgment of *conviction and sentence* of death shall be subject to automatic review by the Supreme Court within 60 days after certification of the entire

---

[1] ORS 174.020 provides:

"In the construction of a statute the intention of the the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

[2] Capital punishment was first abolished in Oregon, by constitutional amendment, in 1914 (Or Laws 1915, at 12), revived in 1920 (Or Laws 1921, at 6), abolished again in 1964 (Or Laws 1965, at 6).

record by the sentencing court, unless an additional period not exceeding 30 days is extended by the Supreme Court for good cause. The review by the Supreme Court shall have priority over all other cases, and shall be heard in accordance with rules promulgated by the Supreme Court." (Emphasis supplied.)

The phrase "conviction and sentence," in the context in which it is used, makes it clear that the legislature intended that the Supreme Court review both the finding of guilt and the punishment of death imposed as a result of that finding. Moreover, ORS 163.116(5) mandates direct review of capital cases by the Supreme Court within a specified period of time, bypassing the Court of Appeals entirely — as, indeed, it would have to be bypassed if there is to be any realistic possibility of Supreme Court review "within 60 days after certification of the entire record by the sentencing court."

ORS 163.116(5) appears to have been copied almost verbatim from the death penalty statutes of Florida,[3] where capital cases are reviewed by the Supreme Court of that state, and Texas,[4] where the review is by the Texas Court of Criminal Appeals. Under Florida's substantially identical statutory scheme capital cases are appealed directly to the Supreme Court of Florida,[5] while appeals in all other felony cases are taken, in the first instance, to the district courts of appeal.[6] No meaningful comparison can be made between Oregon and Texas procedure in this respect, because the Texas Court of Criminal Appeals is the first, and final, appellate court for all major criminal cases in that

---

[3] Fla Stat Ann §921.141(4).

[4] Tex Crim Proc Code §37.071(f).

[5] Fla Stat Ann §§ 921.141(4), 924.08(1)

[6] Fla Stat Ann § 924.08(2)

state, the Supreme Court of Texas being entirely a court of civil jurisdiction.[7]

We hold that the Court of Appeals has no jurisdiction to hear an appeal in a murder case when a sentence of death has been imposed by the trial court.

Appeals dismissed.

---

[7] Tex Civ Stat Ann §1728